**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| | : | |
| **v.** | : | **Case No. 24-cr-27 (DLF)** |
| | : | |
| **ANDRE FIELDS,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits its Memorandum in Aid of Sentencing.   For the reasons herein, the Government requests that the Court sentence the defendant to 70 months of incarceration and impose a period of five years of supervised release.

## I.      SENTENCING FACTORS

In sentencing a defendant, after calculating the appropriate Guideline range, the Court must consider the factors set forth in 18 U.S.C. § 3553.[1]   *See Gall v. United States*, 552 U.S. 38 (2007). These factors are in keeping with the traditional factors used by courts when imposing a sentence: (1) the protection of society against wrongdoers; (2) the punishment or discipline of the wrongdoer; (3) the reformation of the wrongdoer; and (4) the deterrence of others from the commission of like offenses.   *See Spanziano v. Florida*, 468 U.S. 447, 477-78 (1984) (Stevens, J., concurring); *see also Williams v. New York*, 337 U.S. 241, 251 (1949).   Further, under the Guidelines and Section 3553, similarly situated defendants should receive like punishments.   *See*

---

[1] The Government believes the Pre-Sentence Report (PSR) correctly states that the defendant's Guideline range is 188-235 months pursuant to the career offender provisions of U.S.S.G. §4B1.1.   The Government agreed to limit its allocution to the non-career offender range (70-87 months), however.

18 U.S.C. § 3553(a)(6).

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Between April and November of 2023, defendant Andre Fields sold narcotics to an undercover officer (UC) of the FBI.  The UC made ten separate purchases of fentanyl from defendant Fields and the total weight of the fentanyl was approximately 170 grams.  As set forth more fully in the statement of offense and PSR, defendant Fields would contact his co-conspirator, Tayvon Lippett, to acquire the narcotics that he resold to the UC.  Furthermore, in searching Fields' residence, agents found additional narcotics (including suspected fentanyl and cocaine), two firearms with extended magazines and ammunition (including an AR style rifle), and approximately $990 in cash.

## III.  Section 3553 Factors

As noted above, after calculating and consulting the appropriate Guideline range, the Court must consider the factors set forth in 18 U.S.C. § 3553(a).  The Government addresses the relevant factors in this case below.

### A.  Nature and Circumstances of the Offense

The nature of this offense is undoubtedly serious.  For several months, the defendant regularly trafficked fentanyl and other narcotics.

Further, as the Court knows, fentanyl is an extremely lethal drug.  Two milligrams of fentanyl can be fatal.  *See United States v. Glasgow*, 2021 WL 2403136 at *7 (D.D.C.) (Lamberth, J.).  According to the DEA, "[f]entanyl is a Schedule II controlled substance that is similar to morphine but about 100 times more potent. . . . Because of its potency and low cost, drug dealers have been mixing fentanyl with other drugs including heroin, methamphetamine, and cocaine,

2

increasing the likelihood of a fatal interaction. . . . Two milligrams of fentanyl can be lethal depending on a person's body size, tolerance and past usage."[2] According to the Centers for Disease Control, D.C. ranks number one in the nation for drug overdose deaths, based on the age-adjusted rate of deaths per 100,000 persons in 2021.   For opioid overdose deaths specifically in 2021, D.C. ranks number two in the nation, trailing just behind West Virginia by 7%.[3]   In 2022, D.C. had a record 448 opioid overdose deaths – on average, 37 opioid overdose deaths per month.[4] This is up from 427 in 2021, and 411 in 2020, according to the city's medical examiner. Six out of ten fentanyl-laced fake prescription pills analyzed contain a potentially lethal dose of fentanyl.[5] Accordingly, the Government views this as a serious offense that is deserving of a lengthy sentence even without considering the mandatory minimum sentence of five years.

## B. Deterrence and the Need to Protect the Public

At the time of his arrest, the defendant was in possession of multiple handguns.   This too is an inherently dangerous act that placed the community at risk.  *See, e.g.*, *United States v. Gassaway*, No. 21-CR-550 (RCL), 2021 WL 4206616, at \*3 (D.D.C. Sept. 16, 2021) (collecting cases in this district holding that unlawful firearm possession is dangerous to the public); *United States v. Howard*, No. 20-MJ-181 (BAH), 2020 WL 5642288, at \*2–3 (D.D.C. Sept. 21, 2020) (making same observation); *United States v. Cole*, 459 F. Supp. 3d 116, 120 (D.D.C. 2020) (noting

---

2 https://www.dea.gov/resources/facts-about-fentanyl

3 https://www.wusa9.com/article/news/local/dc-health-advocates-urge-mayor-to-declare-opioid-crisis-a-public-health-emergency/65-8cad9abd-af25-4013-bcb1-51e8e67dfa84; https://www.cdc.gov/drugoverdose/fatal/dashboard/index.html

4 https://www.wusa9.com/article/news/local/dc-health-advocates-urge-mayor-to-declare-opioid-crisis-a-public-health-emergency/65-8cad9abd-af25-4013-bcb1-51e8e67dfa84; https://www.washingtonpost.com/dc-md-va/2023/04/04/dc-vending-machine-opioids-narcan/

5 https://www.dea.gov/onepill

that a loaded firearm "has the great potential to escalate into violence"). The Government notes that, as this will be his third felony drug conviction, should the defendant possess a firearm in the future he would quite likely fall under the Armed Career Criminal Act and be subject to a 15-year mandatory sentence. Accordingly, the Government believes a substantial sentence is necessary for purposes of deterrence.

### C. History and Characteristics of the Defendant

The defendant is 40 years old. Although he graduated from high school, he had no stable employment history. In all likelihood, his long-time drug addiction had prevented him from maintaining steady employment and has led to his numerous arrests for petty crimes set forth in the PSR. He was recently married, and he deserves credit for his acceptance of responsibility in this case. The Government can only hope that he will take advantage of treatment programs and vocational training programs available to him in the BOP.

### D. Need to Avoid Sentencing Disparities

A sentence within the Guidelines will generally avoid unwanted sentencing disparities among defendants who have committed similar crimes. Indeed, "[t]he best way to curtail 'unwarranted' disparities is to follow the Guidelines, which are designed to treat similar offenses and offenders similarly." *United States v. Otunyo*, 63 F.4th 948, 960 (D.C. Cir. 2023) (quoting *United States v. Bartlett*, 567 F.3d 901, 908 (7th Cir. 2009).

In this case, the Government believes a variance is appropriate. While the defendant qualifies as a career offender, the Government believes his criminal history is overstated. His prior drug convictions were involved relatively small amounts of narcotics, and it appears that the defendant distributes narcotics to support his own addiction. Further, his co-defendant, who

4

supplied defendant Fields with narcotics and who had a large quantity of narcotics and over $6,000 in cash in his residence, is facing a lower Guideline range.   It should be noted, too, that a sentence of 70 months will be nearly double the sentence of defendant Fields' longest previous sentence. *See, e. g., Qualis v. United States*, 373 F. Supp. 2d 873, 877 (E.D. Wisc. 2005 ) ("It is appropriate for a court, when considering the type of sentence necessary to protect the public and to deter future misconduct, to note the length of any previous sentences imposed.")

## IV.    CONCLUSION

For the reasons stated herein, the Government requests that the Court impose a sentence of 70 months on Count One.   The Government will move to dismiss the remaining counts of the superseding indictment at sentencing pursuant to the plea agreement.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY


_____/s/_____
NIHAR MOHANTY
Assistant United States Attorney
D.C. Bar Number 436686
United States Attorney's Office
601 D Street, NW
Washington, DC   20530
Telephone: (202) 252-7700
Email: Nihar.Mohanty@usdoj.gov